UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LaMONT CLAYBORN,

                          Civil Action No. 19-12971
      Plaintiff,       Honorable David M. Lawson
                          Magistrate Judge David R. Grand

ROBERT DISTELRATH, ROBERT
SHINSKE, KEMIA CROSSON,
TRACEY BROWN and
CITY OF DETROIT FIRE DEPARTMENT,

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S REQUEST FOR "IMMEDIATE INJUNCTION"**

**I.    REPORT**

    **A.    Background**

On October 10, 2019, Plaintiff Brian Clayborn ("Plaintiff") filed a complaint in this matter against the City of Detroit Fire Department and certain individual defendants. (ECF No. 1, PageID.1-47.) Although not entirely clear, he appears to allege that he was retaliated against in violation of 42 U.S.C. § 12203, the Americans with Disabilities Act's anti-retaliation provision, as well as various Michigan laws. On October 15, 2019, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (ECF No. 5, PageID.52-53.)

Again, although not entirely clear from the face of his complaint, it appears that Plaintiff is (or was) employed as an Emergency Medical Technician ("EMT") with the City of Detroit Fire Department. He also appears to allege that he suffered a work-related

injury on November 22, 2018, and that he has been off work since that time.

With respect to the claims at issue in his complaint, Plaintiff alleges that, beginning in December 2018, he reported to the named defendants "numerous violations" of an unspecified collective bargaining agreement, certain "Standing Operating Procedures," and unidentified state and federal laws. (ECF No. 1, PageID.6.) According to Plaintiff, the defendants then retaliated against him as a result of his "numerous complaints against illegal activity," including by recommending that his employment be terminated. (*Id.* at 4, 6.)[1] Plaintiff further asserts that he has filed two unfair labor practice ("ULP") charges pertaining to this alleged retaliation with the Michigan Employment Relations Commission ("MERC") – ostensibly against both his employer (the City of Detroit) and his union (the Detroit Firefighters Association, Local 244) – and that these ULP charges are scheduled for hearing on November 8, 2019. (*Id.* at 6, 7.)

In his complaint, Plaintiff also indicates that, despite the filing and apparent pendency of these ULP charges, "proceedings for his termination are scheduled for October 10, 2019 at 0900 hours." (*Id.* at 7.) Consequently, Plaintiff requests an "IMMEDIATE injunction to order the City of Detroit against retaliation from Plaintiff …." (*Id.* at 4.) More specifically, he demands an "[i]mmediate injunction from any disciplinary activity and harassment by the city of Detroit until [he] can retain counsel." (*Id.* at 5.)

B. **Applicable Legal Standards**

---

[1] On October 16, 2019, the Court received a letter from Plaintiff via e-mail, in which he indicated that, on that date, he was notified by his union vice president that he was "discharged from the Detroit Fire Department." (ECF No. 6, PageID.54-55.)

2

The Court will construe Plaintiff's request for immediate injunctive relief as a motion for temporary restraining order ("TRO") and/or preliminary injunction. TROs and preliminary injunctions "are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013). Whether to grant such relief is a matter within the district court's discretion. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

The same factors are considered in determining whether to grant a request for a TRO or a preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.* (citing *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Moreover, a TRO is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In addition, Fed. R. Civ. P. 65(b)(1) states that a TRO may be issued without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

3

>(B) the movant's attorney certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

Furthermore, an *ex parte* TRO is only appropriate where the applicant "would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erard v. Johnson*, 905 F.Supp.2d 782, 791 (E.D. Mich. 2012). As the United States Supreme Court has explained, the extremely limited availability of *ex parte* TROs "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974).

### C. Analysis

Examining Plaintiff's filing against these standards, it is clear that he has failed to show that he is entitled to the immediate injunctive relief he requests. First, Plaintiff failed to comply with Rule 65(b)(1)'s requirements. He gave no indication that he provided the defendants with notice that he was seeking to enjoin the "proceedings for his termination" that were allegedly scheduled for "October 10, 2019 at 0900 hours."[2] (ECF No. 1, PageID.7.) Nor did Plaintiff explain why such notice should not be required. Thus, Plaintiff's *ex parte* motion for immediate injunctive relief should be denied for failing to comply with Fed. R. Civ. P. 65(b)(1)(A) and (B). *See Wiggins v. Nationstar Mortg. LLC*, No. 14-12680, 2014 WL 3400911, at *1 (E.D. Mich. Jul. 10, 2014).

In addition, Plaintiff has not met his substantive burden of demonstrating that he is

---

[2] Indeed, it appears that Plaintiff's complaint was not filed until 10:40 a.m. on October 10, 2019, which is *after* the termination proceedings were scheduled to take place. (ECF No. 1, PageID.1.)

4

entitled to immediate injunctive relief. With respect to the first factor, he has not established a strong likelihood of success on the merits. Although Plaintiff hotly disputes the legitimacy of the basis of any disciplinary action taken against him – up to and including the termination of his employment – he acknowledges in his complaint that he "was found guilty of [violating] departmental procedures[.]" (ECF No. 1, PageID.7.) Without more, then, Plaintiff simply has not shown that he is likely to prevail on any claims against the defendants, which significantly mitigates in favor of denying his request for immediate injunctive relief. *See Cook v. Chase Home Fin., LLC*, No. 10-15108, 2010 WL 5441929, at *1 (E.D. Mich. Dec. 28, 2010) (concluding that the plaintiff had not demonstrated that she was entitled to a TRO partly because she "fail[ed] to demonstrate a strong or substantial likelihood of success on the merits").

Plaintiff also has failed to show that he will suffer irreparable harm without immediate injunctive relief. Again, it appears that Plaintiff was seeking to enjoin a "preliminary hearing" scheduled for October 10, 2019, at which time he would be allowed the "opportunity to give the reason [his employment] should not be terminated." (ECF No. 1, PageID.7.) But, Plaintiff filed his complaint and request for injunctive relief *after* this hearing was allegedly scheduled to take place; thus, his request appears moot in that regard. Moreover, to the extent Plaintiff has already been terminated, the alleged "irreparable harm" has already occurred, also rendering moot Plaintiff's request for immediate injunctive relief. *See Erard v. Johnson*, 905 F.Supp. 2d 782, 792 (E.D. Mich. 2012). Finally, even assuming Plaintiff did lose his job as an EMT at this "preliminary hearing," that would not constitute irreparable injury. Courts have held that wage loss –

5

even for an extended period of time – does not establish irreparable harm, because any such income wrongly withheld may be recovered through back pay. *See Doe v. Cin-Lan, Inc.*, No. 08-12719, 2008 WL 4960170, at *19 (E.D. Mich. Nov. 20, 2008) (citing *Overstreet*, 305 F.3d at 579). Accordingly, while the Court is sensitive to the financial hardship and emotional disruption posed by the potential or actual termination of Plaintiff's employment, such an injury simply is not "irreparable" within the meaning of the law.

The final two factors also weigh in favor of denying Plaintiff's motion for immediate injunctive relief. Although the extent of any harm that the defendants (or others) would suffer from an order preventing his termination from occurring is not clear, the public is not served by such an order where Plaintiff has done so little to establish his entitlement to the requested injunctive relief. As the moving party, Plaintiff was required to address all four factors for injunctive relief "with some degree of clarity and thoroughness." *Beeler v. Deutsche Bank Nat'l Trust Co.*, No. 08-10634, 2008 WL 495482, at *2 (E.D. Mich. Feb. 21, 2008). He has failed to do so. Since he has failed to meet his "heavy burden," his request for immediate injunctive relief should be denied. *Id.* (denying the plaintiff's TRO motion where she made allegations of irreparable harm but failed to address the other three factors because "[w]hile mindful of a petitioner's heavy burden under these circumstances, the Court is not persuaded that the facts – as presented – warrant [this] extraordinary remedy").

## II.    RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Request for

6

Immediate Injunctive Relief be **DENIED**.

Dated: October 23, 2019  s/David R. Grand
Ann Arbor, Michigan   DAVID R. GRAND
   United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

7

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 23, 2019.

                                                  s/Eddrey O. Butts
                                                  EDDREY O. BUTTS
                                                  Case Manager