UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LaMONT CLAYBORN,

                      Plaintiff,

Civil Action No. 19-12971
Honorable David M. Lawson
Magistrate Judge David R. Grand

ROBERT DISTELRATH, ROBERT
SHINSKE, KEMIA CROSSON,
TRACEY BROWN and CITY OF
DETROIT FIRE DEPARTMENT,

                      Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1)

On October 10, 2019, Plaintiff Brian Clayborn ("Plaintiff") filed a complaint in this matter against the City of Detroit Fire Department and certain individual defendants. (ECF No. 1). On October 25, 2019, an "Order Directing Plaintiff to Complete Service Documents and for Service of Process by the U.S. Marshal" was issued by the Court. (ECF No. 8). Plaintiff was informed that, within fourteen calendar days of the date of that order, he was required to complete and present to the Clerk's Office certain documents necessary to effectuate service in this case, including one copy of the complaint for each defendant, two USM 285 forms for each defendant, and three summonses for each defendant. (*Id.*)

On November 21, 2019, when Plaintiff had failed to submit any of these documents, and the deadline to do so had expired, this Court issued an Order to Show Cause why this action should not be dismissed without prejudice. (ECF No. 11). A response was due on

or before December 4, 2019. (*Id.*). To date, no response to that order has been filed, and the requisite service-related documents have not been submitted to the Clerk's Office.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In determining whether dismissal is warranted under Rule 41(b), a court considers (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

In this case, the Court expressly warned Plaintiff that his case would be dismissed if he did not file a response to the Order to Show Cause or provide the requisite service-related documents to the Clerk's Office. (ECF No. 11). Nevertheless, Plaintiff has failed to take either action, meaning that the first[1] and third factors weigh in favor of dismissal. As to the second factor, the defendants are prejudiced by having this action pending against them without it being moved toward a timely resolution, due to Plaintiff's apparent abandonment of his claims. And, finally, with respect to the fourth factor, after the filing of the complaint in October 2019, Plaintiff has done nothing to advance his case. He has

---

[1] While it is unclear whether Plaintiff's inaction is the result of bad faith or willfulness, at a minimum, he is clearly at fault for failing to serve and/or comply with the Court's orders.

failed to file service-related documents, as ordered by the Court, failed to respond to the Court's Order to Show Cause, and otherwise failed to effectuate service within 90 days of the filing of his complaint. Given these facts, and in light of the Court's express warnings to Plaintiff that his case would be dismissed if he failed to act, the Court sees no utility in imposing a sanction short of dismissal. Thus, all four factors weigh in favor of dismissal under Rule 41(b).

It is true that "'district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant.'" *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Plaintiff has "engaged in a clear pattern of delay" by repeatedly failing to comply with orders of the Court and by failing to submit the service-related documents necessary for the prosecution of his claims. Under these circumstances, dismissal without prejudice is appropriate. *See* Fed. R. Civ. P. 4(m), 41(b).

Accordingly, the Court **RECOMMENDS** dismissing Plaintiff's Complaint **(ECF No. 1) WITHOUT PREJUDICE**.

Dated: January 14, 2020　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

3

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2020.

                                                                      s/Eddrey O. Butts
                                                                      EDDREY O. BUTTS
                                                                      Case Manager